# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHAEL BERGANTINO,                                    Case No. 8-22-cv-619

     Plaintiff,

v.

RANDAL CODY GAINES and IRA L.
BEUMER,

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendant, Ira L. Beumer, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, hereby removes this action to the United States District Court for the Middle District of Florida.[1]  The grounds for removal are as follows:

1.     Plaintiff, Michael Bergantino, instituted a civil action against Defendant Ira Beumer in the Circuit Court of the Fifth Judicial Circuit, in and for Hernando County, Case No.: 2022CA-18.

2.     The initial pleadings in this case were served on Defendant Mr. Beumer on February 14, 2022.  See Defendant's Exhibit 1, p. 1.  Per a verbal agreement and e-mail with Mr. Bergantino's counsel Seth Roebuck, Mr. Beumer's answer is not due until March 16, 2022.   A true and correct copy of the initial pleadings which are filed in the State Court

---

[1] Defendant Randal Cody Gaines, also believed to not be a citizen of the State of Florida, remains unserved as of the filing of this Notice.  As such, regardless of service upon Mr. Gaines, there is complete diversity between the served and unserved parties, and there is no snap removal issue.

proceeding are attached hereto as Exhibit 2.  This Notice of Removal is being filed within thirty (30) days of the Defendant Mr. Beumer's receipt of the initial pleadings.  Therefore, this Notice of Removal is timely and proper pursuant to 28 U.S.C. § 1446(b).

3.    Plaintiff, at all times material hereto, including at the time of the filing of the Complaint and at the time of this Removal, is a resident of Spring Hill, Hernando County, Florida.  See Defendant's Exhibit 1, p. 4.

4.    Defendant, Mr. Beumer at all times material hereto, including at the time of the filing of the Complaint and at the time of this Removal, is a resident and domiciliary of Evansville, Indiana.  See Defendant's Exhibit 1, ps. 1 and 5, and Exhibit 3.

5.    With respect to diversity jurisdiction of federal courts, "citizenship" has the same meaning as "domicile" and imports permanent residence in a particular state.  To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.  Britton v. Scott, 1996 U.S. Dist. LEXIS 22857 (S.D. Fla. 1996).  Residence and intent are inextricable elements of domicile.

6.    If unaccompanied by the necessary intent, residence alone is not determinative of citizenship; and a person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment.  Jones v. Law Firm of Hill & Ponton, 141 F. Supp. 2d 1349 (M.D. Fla. 2001) quoting Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  Furthermore, citizenship is not necessarily lost by protracted absence from home, where the intention to return remains.  Wilson v. Pickens, 444 F. Supp. 53, 55 (W.D. OK 1977).  When determining domicile, courts must focus on

the party's intent, but also consider the totality of the evidence.  <u>Ribas v. Ponce Yatch & Fishing Club, Inc.</u>, 315 F. Supp. 2d 156, 160 (Dist. Puerto Rico 2004).  In doing so, courts have looked to objective indicia of intent, such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices.  <u>Britton</u>, 1996 U.S. Dist. LEXIS at *3.

7.    A person may have homes in various cities, states, and countries, but they have citizenship in only one location for purposes of federal diversity jurisdiction: their domicile.  <u>Wilson</u>, 444 F. Supp. at 55.   Based on the above, is clear that the Defendant Beumer's domicile is in Indiana.  At all times material, Defendant Mr. Beumer was an Indiana resident with his domicile/permanent residence in Evansville, Indiana.  <u>See</u> Defendants' Exhibit 2.  Defendant's driver's license was obtained in Evansville, Indiana; and he pays taxes and votes in Evansville, Indiana. <u>Id.</u>  Mr. Beumer pays his taxes in Evansville, Indiana.  <u>Id.</u>  These additional factors, taken in conjunction with Mr. Beumer's express intent, prove that Defendant Beumer is a citizen of Evansville, Indiana for purposes of determining federal court diversity jurisdiction.  Thus, there is diversity of citizenship under 28 U.S.C. § 1332.

8.    Removal of the State Court proceeding to this Court is proper under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties.

9.    This is a claim of relief which arises out of a motor vehicle accident that is alleged to have occurred on February 21, 2021, at or near the intersection of State Road 50 and the Nature Coast Blvd in Hernando County, Florida.  <u>See</u> Defendant's Exhibit 1, p. 5.

10.    As a result of the alleged accident, Plaintiff claims bodily injury and resulting pain and suffering, disfigurement, scarring, psychological and emotional injuries, physical handicap, and permanent injury in the future, loss of ages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.  See Defendant's Exhibit 1, p. 8.

11.    Mr. Bergatino in his complaint alleges that the amount in controversy exceeds the $75,000.00 jurisdictional limitation in this Court.  See Defendant's Exhibit 1, p. 4.  Mr. Bergantino's allegation that the value of his claim is greater than $75,000.00 is sufficient to satisfy the amount in controversy requirement.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). See also Sullins v. Moreland, 511 F. Supp. 3d 1220, 1222-23 (M.D.Ala. 2021) (stating that "[a] defendant may remove a case based on diversity jurisdiction under two circumstances. First, a defendant may immediately remove a case to federal court within thirty days of receipt of the initial pleadings if it is apparent that complete diversity and the required amount in controversy exist.").  Churchey v. Safeco Ins. Co., 2017 U.S. Dist. LEXIS 10426 *7 (S.D.Fla. 2017) (stating that, in the context of determining whether the amount in controversy has been satisfied, "[t]he starting point of consideration is the Complaint itself (and its attachments)").  Cf Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (In ruling on a motion to remand, the Court looks to the complaint in determining whether the case could have been filed in federal court in the first place.).

12.    Based on the information noted herein, Defendants assert a reasonable good faith belief that the amount in controversy in this alleged cause of action exceeds the value of $75,000.00 exclusive of interest and costs, thus meeting the jurisdictional requirements of 28 U.S.C. § 1332.

13.    Since this Court has original jurisdiction over this cause of action, removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

14.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391.

15.    Copies of all process and pleadings in this matter on file in the state court action are attached to this motion as Exhibit 2.

16.    This Notice of Removal has been served on Plaintiff's counsel, and a copy of the Notice of Removal has been filed with the Clerk of the Ninth Judicial Circuit in and for Polk County, Florida.  See Defendants' Exhibit 4.

17.    In the event the Court determines that additional information is necessary to confirm the amount in controversy, the proper remedy is to allow initial discovery in federal court to provide the information.  See Steele v. Underwriter's Adjusting Company, Inc., 649 F. Supp. 1414 (M.D. Ala. 1986) and Rule 26 of the Federal Rules of Civil Procedure.

18.    The undersigned counsel has been specifically authorized to act on behalf of the Defendant Beumer seeking removal of this cause to the United States District Court, Middle District of Florida, Tampa Division.  Further, the undersigned Counsel of Record

is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant Mr. Baumer respectfully requests this entire action proceed in this Court as an action properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

/s/ Eric Neiberger
ERIC NEIBERGER, ESQUIRE
Florida Bar No. 0070100
eric.neiberger@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
(407) 203-7599 – Phone
(407) 648-1376 – Facsimile
Attorneys for Defendant Mr. Beumer

## CERTIFICATE OF SERVICE

I, Eric Neiberger, do hereby CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail and CM/ECF on this 16th day of March, 2022, to: Daniel Iracki and Seth Roebuck, Coker Law.

/s/Eric Neiberger
ERIC NEIBERGER, ESQUIRE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL BERGANTINO,

     Plaintiff,

v.

RANDAL CODY GAINES and IRA L.
BEUMER,

     Defendants.

_____/

## **APPENDIX OF EXHIBITS**

Exhibit 1 – Return of Service and Complaint

Exhibit 2 – State Court Docket with filings

Exhibit 3 – Mr. Beumer's Affidavit

Exhibit 4 – Notice of Removal in Hernando County